UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SANDRO LOMEDICO,**

    Plaintiff,

v.                                                    Case No. 8:24-cv-1784-MSS-AEP

**MARINEMAX, INC.,**

    Defendant.

_____

**KEVIN J. NIBLOCK,**

    Plaintiff,

v.                                                    Case No: 8:24-cv-1955-MSS-NHA

**MARINEMAX, INC.,**

    Defendant.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Joint Motions to Consolidate filed in <u>Lomedico v. MarineMax, Inc.</u>, Case No. 8:24-cv-1784, (Dkt. 15), and <u>Niblock v. MarineMax, Inc.</u>, Case No. 8:24-cv-1955. (Dkt. 15) Therein, the Parties seek to consolidate the two cases. The Parties in both actions are represented by the same counsel, who represent that no Party opposes consolidation of these two cases. (Dkt. 15 at 2–4) The Parties also request the Court consolidate any other future actions filed in this Court or transferred to this Court against Defendant MarineMax,

Inc., in connection with an alleged data breach that occurred in March 2024. (Id. at 1–2) The Parties further request the Court appoint Mariya Weekes and Brittany Resch jointly as interim class counsel, stay any pending deadlines, and require the filing of a consolidated class action complaint within forty-five days of the entry of this Order. (Id. at 2) The Parties request the Court designate unique deadlines for the Parties' responses or other pleadings following the filing of the consolidated class action complaint. (Id.)

The Court finds that the consolidation of the two cases pending against Defendant is appropriate. Each case is a class action lawsuit seeking redress for harm allegedly caused by the same event, an alleged March 2024 data breach. The cases arise from same set of operative facts. The plaintiffs assert overlapping claims on behalf of similarly defined classes and seek similar relief. For these reasons, the Court finds their consolidation would conserve judicial resources, avoid duplicative adjudication, and lessen the time and expense required to resolve the litigation. However, the Court declines to order the prospective consolidation of related cases filed in the future or later transferred to this Court. Such cases may be consolidated with this case, if appropriate, upon a motion by one or both of the Parties.

Additionally, the Court finds the proposed interim class counsel, Mariya Weekes and Brittany Resch, will fairly and adequately represent the interests of the class during precertification proceedings. Counsel represents they have performed substantial work and investigation in this case to this point. (Dkt. 15 at 12–14) They also represent they each have sufficient experience as lead or co-lead counsel in class

action litigation related to data breaches to adequately represent the plaintiffs in this case. (Id. at 14–19) Based on the foregoing, Court finds it appropriate to appoint Mariya Weekes and Brittany Resch jointly as interim class counsel.

Accordingly, pursuant to Federal Rule of Civil Procedure 42 and Middle District of Florida Local Rule 1.04(c), it is hereby **ORDERED** as follows:

1. The Joint Motion to Consolidate, (Dkt. 15), is **GRANTED except as to future actions**.

2. The above-captioned civil cases are hereby **CONSOLIDATED** for all further proceedings.

3. All parties are **ORDERED** to file all prospective documents in the Lead Case, Lomedico v. MarineMax, Inc., Case No. 8:24-cv-1784-MSS-AEP, using the style of the lead case in the caption.

4. The Parties' motion for the appointment of Mariya Weekes and Brittany Resch as joint interim class counsel is **GRANTED**.

5. Any deadlines currently pending are hereby **STAYED** and **TERMINATED**.

6. A consolidated class action complaint shall be filed within forty-five (45) days of the date of this Order. Defendants shall file an answer or otherwise respond to the consolidated class action complaint within forty-five (45) days of the date on which the complaint is filed. If Defendants file a motion to dismiss, Plaintiffs may respond within thirty

(30) days of the date on which the motion is filed. Defendants may file a reply to any response, not to exceed five (5) pages, within thirty (30) days of the date on which the response is filed.

7. The Clerk is **DIRECTED** to close the case styled as <u>Niblock v. MarineMax, Inc.</u>, Case No. 8:24-cv-1955-MSS-NHA.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of September 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any pro se party